| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| JOHN TRUCKENBRODT, individually and on behalf of all others similarly situated, | **MEMORANDUM AND ORDER** |
| Plaintiff, | 2:19-cv-2870 (ERK) (SMG) |
| – against – | |
| THE CBE GROUP, INC., | |
| Defendant. | |

KORMAN, *J.*:

Plaintiff John Truckenbrodt owes a debt that has been referred for collection to Defendant CBE Group. On May 21, 2018, Defendant mailed Plaintiff a letter seeking payment. The letter contained the following statement:

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

Directly underneath that statement, the letter said: "The CBE Group, Inc. mailing address PO Box 2547, Waterloo, IA 50704-2547." The letter also contained a detachable payment slip at the bottom of the page with a pre-printed address to the "Payment Processing Center" at PO Box 2068, Waterloo, IA 50704-2068.

1

Plaintiff argues that these multiple addresses listed on the letter—along with a street address for the CBE Group at the top left of the letter—violated the Fair Debt Collection Practices Act ("FDCPA") by making it unclear to which address he should write if he disputed the debt.

## STANDARD OF REVIEW

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "In determining whether there is a genuine dispute as to a material fact, [I] resolve all ambiguities and draw all inferences in favor of the non-moving party." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (internal citation omitted).

## DISCUSSION

### I.  **Plaintiff Lacks Article III Standing**

Federal courts have jurisdiction only if a plaintiff has Article III standing. The plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

For a plaintiff to suffer an injury in fact, he must show the invasion of a legally protected interest that is "concrete and particularized," namely that the harm is "de facto" and affects the plaintiff in a "personal and individual way." *Id.* at 1548. To

2

satisfy the concreteness requirement, it is ordinarily not enough for the plaintiff to "allege a bare procedural violation," *id.* at 1549, although when Congress "confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient risk of real harm to the underlying interest to establish concrete injury without need to allege any *additional* harm beyond the one Congress has identified." *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) (internal quotation omitted). The Second Circuit has held that the FDCPA provision at issue here, which prohibits the use of false, deceptive or misleading statements to collect a debt, "protect[s] an individual's concrete interests, so that an alleged violation of [that] provision[] satisfies the injury-in-fact requirement of Article III." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018) (citing 15 U.S.C. § 1692e).

The issue in this case, however, is not whether the FDCPA establishes a sufficiently concrete Article III injury for a plaintiff potentially misled by a letter with multiple addresses. It is instead whether a plaintiff who *never saw* the letter causing the purported harm has personally suffered an injury-in-fact. He has not. Article III requires "not only the existence of a legally cognizable injury, but also that the plaintiff [himself] be among the injured." *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 42 (2d Cir. 2015) (internal quotation omitted).

Here, Plaintiff testified at his March 11, 2020 deposition that he had first seen the letter "the other day" while preparing for the deposition, Pl. Dep. at 50:8–19, 52:24–53:4, or at most "a couple weeks ago," *id.* at 66:6–13. To establish Article III standing, however, the plaintiff must have "the requisite stake in the outcome when the suit was filed," which in Plaintiff's case was close to a year earlier. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008)); *see also Friends of the Earth, Inc v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 180 (2000) ("[W]e have an obligation to assure ourselves that [plaintiff] had Article III standing at the outset of the litigation.").

Plaintiff argues that his deposition testimony should be disregarded because he was "nervous and it made it hard to remember certain things," and that he "thought the lawyer who was asking the questions was trying to trick me into answering questions I didn't understand." Pl. Decl. ¶ 14. His declaration claims that he saw the letter prior to the filing of this lawsuit, contradicting his deposition testimony. *Id.* at ¶¶ 6–7, 12. "However, a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. N.Y.C. Dep't of Corrs.*, 84 F.3d 614, 619 (2d Cir. 1996). That is because "a deposition of a witness, subject to cross-examination, is generally more reliable than an affidavit submitted to oppose a summary judgment motion." *Id.* I therefore

4

disregard Plaintiff's declaration to the extent it contradicts his deposition testimony. *See In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 193–94 (2d Cir. 2013).

Because Plaintiff conceded that he had not seen the letter he challenges as misleading before he filed suit, he lacks standing because the letter could not have affected him "in a personal and individual way." *Strubel*, 842 F.3d at 191 (internal quotation omitted). *See, e.g.*, *Tourgeman v. Nelson & Kennard*, 735 F. App'x 340, 341 (9th Cir. 2018) (finding lack of standing from receipt of letter because plaintiff's "ability to respond to the collection letters was never undermined because he never saw them"); *Sevela v. Kozeny & McCubbin, L.C.*, 2020 WL 469970, at *2 (D. Neb. Jan. 28, 2020) ("any claim based on [plaintiff's] rights fails to satisfy Article III because [plaintiff] never saw . . . the challenged letter and thus suffered no injury in fact"); *cf. Remington v. Fin. Recovery Servs.*, 2017 WL 1014994, at *2 (D. Conn. Mar. 15, 2017) (concluding that plaintiff had standing because "a fair import of the complaint is that plaintiff read the letter and felt harmed by it").

This is not a case in which the addition or omission of information has even potentially frustrated a plaintiff's ability to pursue his rights. *See Cohen*, 897 F.3d at 81–82 (holding that plaintiff had standing because defendant's misrepresentation in foreclosure complaint "might have deprived [him] of information relevant to the debt prompting the foreclosure proceeding"). Nor is it a case where an unread communication has caused some other injury, such as tying up a consumer's fax line.

*See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250–51 (11th Cir. 2015). The only harm Plaintiff has alleged is that the challenged letter is misleading, but since he testified that he had not read the letter at the time he filed this lawsuit, Plaintiff lacks Article III standing.[1]

## II. The Debt Collection Letter Is Not Misleading

Plaintiff's claim would also fail on the merits. He alleges that the letter described above violated the FDCPA's prohibition on the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," because it was unclear to which address a consumer should write if he disputed the debt. 15 U.S.C. § 1692e; *see also id.* § 1692e(10) (making it unlawful to use "any false representation or deceptive means to collect or attempt to collect any debt").

In assessing whether the letter was false, deceptive or misleading under the FDCPA, I must view it "from the perspective of the objective least sophisticated consumer." *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 173 (2d Cir. 2015) (internal quotation omitted). The least sophisticated consumer standard is "designed to protect all consumers, the gullible as well as the shrewd." *Ellis v. Solomon &*

---

[1] One might then wonder how Plaintiff came to file suit. Plaintiff testified that his wife knew about the letter and the litigation, so perhaps she had read it. Pl. Dep. at 54:20–55:6. Plaintiff testified, moreover, that he did not know he had filed this lawsuit and thought that he was being deposed because he had been sued. *Id.* at 28:19–23, 42:4–15.

6

*Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation omitted). Still, the least sophisticated consumer "is neither irrational nor a dolt," and the Second Circuit "has been careful not to conflate lack of sophistication with unreasonableness." *Id.* The least sophisticated consumer is presumed "to read a collection notice with some care." *Kolbasyuk v. Cap. Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (internal quotation omitted). "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233–34 (2d Cir. 2012) (internal quotation omitted). "Under this standard, collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Id.* at 233.

In accordance with that principle, courts in this district have held that "[t]he presence of multiple addresses on a debt collection letter does not render it misleading unless it is unclear which address a consumer should contact." *Kucur v. Fin. Recovery Servs., Inc.*, 2020 WL 1821334, at *4 (E.D.N.Y. Apr. 9, 2020) (internal citations omitted). Defendant's letter is not misleading in that respect. Immediately after informing the consumer of his right to dispute the debt, with about one line of blank space in between, the letter states: "The CBE Group, Inc. mailing

7

address PO Box 2547, Waterloo, IA 50704-2547." The proximity of this (ungrammatical) mailing address to the explanation of how to dispute the debt makes clear that this address is where the dispute should be sent. Although the detachable payment slip at the bottom of the letter contains a different address, it is labeled "Payment Processing Center" and is immediately beneath a space for the consumer to fill in his credit card information.

Any reasonable consumer—even an unsophisticated one—would understand that a dispute about the debt's validity should go to the mailing address immediately following the instruction for how to dispute the debt, while any payment should be sent to the "Payment Processing Center." *See Kim v. Advanced Call Ctr. Techs., LLC*, 2020 WL 5893964, at *3 (E.D.N.Y. Oct. 5, 2020) (dismissing similar claim because "[w]hen reading the Letter in its entirety, the least sophisticated consumer would understand that <u>payments</u> must be mailed to the Florida Address while <u>disputes</u> must be mailed to the Tennessee Address"). Thus, I would grant summary judgment on the merits if I had the power to do so.²

---

² For the same reason, Plaintiff cannot maintain a claim under 15 U.S.C. § 1692g, which regulates the notice a debt collector must provide about how to dispute a debt. "In this context, the two inquiries [under § 1692e and § 1692g] are essentially the same." *Musarra v. Balanced Healthcare Receivables, LLC*, 2020 WL 1166449, at *4 (E.D.N.Y. Mar. 11, 2020) (internal citation omitted); *Park v. Forster & Garbus, LLP*, 2019 WL 5895703, at *4, 6 (E.D.N.Y. Nov. 12, 2019) (same).

8

## CONCLUSION

Defendant's motion for summary judgment is granted. Because I dismiss the case for lack of Article III standing, this dismissal is without prejudice. *See Carter*, 822 F.3d at 54–55.

**SO ORDERED.**

Brooklyn, New York
October 21, 2020

*Edward R. Korman*
Edward R. Korman
United States District Judge